MEMORANDUM OPINION
{¶ 1} On October 27, 2008, appellant, Rhonda Wheeler, filed a notice of appeal which indicated that she was appealing a September 23, 2008 judgment entry from the Lake County Court of Common Pleas.
 {¶ 2} The September 23, 2008 order is actually a magistrate's decision recommending that Rhonda not be entitled to a civil protection order and that the matter be dismissed. *Page 2 
 {¶ 3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. Noble v. Colwell (1989), 44 Ohio St.3d 92. According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a judgment of a trial court only if it constitutes a "final order" in the action. Germ v. Fuerst, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. Gen. Acc. Ins. Co. v. Ins.Co. of N. Am. (1989), 44 Ohio St.3d 17, 20. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ. R. 54(B).
 {¶ 4} Pursuant to R.C. 2505.02(B), there are five categories of a "final order," and if a trial court's judgment satisfies any of them, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B)(1) provides an order: "[t]hat affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. Civ. R. 54(B) provides, in relevant part: "When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all the claims * * * only upon expressed determination that there is no just cause for delay."
 {¶ 5} "`Under Civ. R. 53(E)(4)[1], one of three scenarios occurs after a magistrate's decision: (1) absent objections, the court may adopt the decision if no errors of law or other defects appear on the face of the decision; (2) if objections are *Page 3 
filed, the court considers the objections and may adopt, reject, or modify the decision, hear additional evidence, recommit the matter to the magistrate, or hear the matter; or (3) the court may immediately adopt the decision and enter judgment without waiting for objections, but the filing of timely objections automatically stays execution of the judgment until the court disposes of the objections and vacates, modifies or adheres to the judgment already entered. * * *' Furthermore, a magistrate's decision remains interlocutory, even if adopted by the court, unless and until the court enters a final order that determines all the claims for relief in the action or determines that there is no just reason for delay. See Civ. R. 54(B). * * *
 {¶ 6} "* * *
 {¶ 7} "`[A] final judgment does not exist where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded. * * * The reason for this is that orders are not court orders unless certain formalities are met. * * * In addition, only judges, not magistrates, may terminate claims or actions by entering judgment. * * *'" (Citations omitted). Ingledue v. Premier Siding Roofing, Inc., 5th Dist. No. 2005CAE120088, 2006 Ohio App. LEXIS 2543,2006-Ohio-2698, at ¶ 11-13.
 {¶ 8} In the instant matter, the trial court failed to both adopt the magistrate's decision and enter judgment stating the relief to be afforded. Therefore, at this point, there is no order issued by the trial court that fits within any of the categories of R.C. 2505.02. The September 23, 2008 magistrate's decision is not a final appealable order. Therefore, this court does not have jurisdiction to hear this appeal. Since the magistrate's decision has not yet been adopted by the trial court, it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a *Page 4 
party. This case must be returned to the trial court, at which time the trial court "* * * may adopt or reject the magistrate's decision in whole or in part, with or without modification. * * * [The] court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." Civ. R. 53(D)(4)(b).
 {¶ 9} Accordingly, the instant appeal is dismissed for lack of jurisdiction.
 {¶ 10} Appeal dismissed.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] Now Civ. R. 53(D)(4), effective July 1, 2006. *Page 1