[Cite as *In re Dougherty*, 2013-Ohio-2841.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF CHARLES ROBERT DOUGHERTY | MEMORANDUM OPINION |
| | CASE NO. 2013-A-0023 |

Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 2012 GI 043.

Judgment: Appeal dismissed.

*Jonathan W. Winer*, 5276 Rome Rock Creek Road, Rome, OH 44085-9616 (For Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} On April 16, 2013, appellant, Veronica K. Wessell, by and through counsel, filed a notice of appeal from a March 18, 2013 magistrate's order from the Ashtabula County Court of Common Pleas, Probate Division, in which the magistrate dismissed appellant's application for guardianship without prejudice.

{¶2} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a judgment of a trial court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does

not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶3} Pursuant to R.C. 2505.02(B), there are five categories of a "final order," and if a trial court's judgment satisfies any of them, it will be considered an order which can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B)(1) provides an order: "[t]hat affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. Civ.R. 54(B) provides, in relevant part: "When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all the claims * * * only upon expressed determination that there is no just cause for delay."

{¶4} Under Civ.R. 53(D)(2)(a)(i), "a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." This court had previously stated that pursuant to Civ.R. 53(D)(2)(a)(i), magistrate orders require trial court approval if they dispose of a party's claim. *Estate of Persing*, 11th Dist. No. 2009-T-0120, 2010-Ohio-2687, ¶35.

{¶5} This court has also held that there is no final judgment where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded because "orders are not court orders unless certain formalities are met." *See Wheeler v. Tubbs*, 11th Dist. No. 2008-L-159, 2008-Ohio-6411, ¶7. Additionally, only judges, not magistrates, may terminate claims or actions by entering judgment. *Id.*;

2

*see also Ingledue v. Premier Siding & Roofing, Inc.*, 5th Dist. No. 2005CAE120088, 2006 Ohio App. LEXIS 2543, 2006-Ohio-2698, ¶11-13.

{¶6} In the instant matter, the trial court failed to enter judgment stating the relief to be afforded. Therefore, at this point, there is no order issued by the trial court that fits within any of the categories of R.C. 2505.02. The March 18, 2013 magistrate's order is not a final appealable order, and this court does not have jurisdiction to hear this appeal. Since the magistrate's decision has not yet been adopted by the trial court, it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party.

{¶7} Accordingly, the instant appeal is dismissed, sua sponte, for lack of jurisdiction.

{¶8} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.