[Cite as *Selvaggio v. Auto Sound Sec. & Accessories, Inc.*, 2013-Ohio-3668.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BRANDON SELVAGGIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-L-026** |
| AUTO SOUND SECURITY & ACCESSORIES, INC., | : | |
| Defendant/Third Party Plaintiff-Appellee | : | |
| - vs - | : | |
| R & H COLLECTIBLES, LLC, et al., | : | |
| Third Party Defendants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 11 CV 001319.

Judgment:  Dismissed.


*Richard D. Eisenberg*, 1413 Golden Gate Boulevard, Suite 200, Mayfield Heights, OH 44124 (For Plaintiff-Appellant).

*Stephen J. Yeargin*, 55 Public Square, Suite 725, Cleveland, OH  44113 (For Defendant/Third Party Plaintiff-Appellee).


COLLEEN MARY O'TOOLE, J.

{¶1}    Brandon Selvaggio appeals from the February 7, 2012 judgment entry of the Lake County Court of Common Pleas, granting summary judgment to Auto Sound

Security & Accessories, Inc., in an action for negligence and breach of contract. We dismiss the appeal.

**{¶2}** May 26, 2011, Mr. Selvaggio filed this action, asserting negligence by Auto Sound in installing an audio-visual system in the rear bed of his Hummer, and breach of contract due to late delivery of the vehicle. July 29, 2011, Auto Sound answered; counterclaimed for funds allegedly unpaid by Mr. Selvaggio in relation to the work; and, filed a third party action against R & H Collectibles, LLC, which had installed a "tonneau" cover on the rear bed of the Hummer. R & H answered. Eventually, Auto Sound moved for summary judgment on the negligence claim against it, which motion the trial court granted by its February 7, 2012 judgment entry. That judgment entry did not consider the contract claim asserted by Mr. Selvaggio. Ultimately, Auto Sound dismissed its counterclaim against Mr. Selvaggio without prejudice, and this appeal ensued.

**{¶3}** As this court recently held:

**{¶4}** "Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, * * *(1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a judgment of a trial court only if it constitutes a 'final order' in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, * * *(1989). For a judgment to

2

be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶5} "Pursuant to R.C. 2505.02(B), there are five categories of a 'final order,' and if a trial court's judgment satisfies any of them, it will be considered an order which can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B)(1) provides an order: '(t)hat affects a substantial right in an action that in effect determines the action and prevents a judgment' is final and appealable. Civ.R. 54(B) provides, in relevant part: 'When more than one claim for relief is presented in an action (* * *) whether arising out of the same or separate transactions, (* * *) the court may enter final judgment as to one or more but fewer than all the claims (* * *) only upon expressed determination that there is no just cause for delay.'" *In re Guardianship of Dougherty*, 11th Dist. Ashtabula No. 2013-A-0023, 2013-Ohio-2841, ¶2-3.

{¶6} In this case, there is no final appealable order. Auto Sound never moved the trial court for summary judgment on the breach of contract claim set forth in the complaint. That court never ruled on this claim. There is no Civ.R. 54(B) language in the trial court's February 7, 2012 judgment entry granting summary judgment to Auto Sound on Mr. Selvaggio's negligence claim. Indeed, as the trial court stated in a subsequent motion for relief from judgment or motion for reconsideration filed by Mr. Selvaggio, the February 7, 2013 judgment entry was interlocutory. It remains so, and forms no basis for appeal.

3

**{¶7}** Accordingly, the appeal is dismissed sua sponte for lack of jurisdiction.

**{¶8}** Appeal dismissed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4