[Cite as *In re 36370 Vine St.*, 2019-Ohio-3448.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

IN RE: 36370 VINE ST.

**MEMORANDUM OPINION**

**CASE NO. 2019-L-041**

Civil Appeal from the Willoughby Municipal Court, Case No. 2019 MIS 00001.

Judgment: Appeal dismissed.

*J. Jeffrey Holland* and *Danamarie Kristyna Pannella*, Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Michela J. Huth*, P.O. Box 17, Bolivar, OH 44612 ( For Appellant).

MATT LYNCH, J.

{¶1} On May 8, 2019, appellant, Nadine Bechtel,[1] filed a notice of appeal from a May 3, 2019 "Journal Entry" from the Willoughby Municipal Court. However, the "entry" was signed by the court's magistrate.

{¶2} On June 13, 2019, this court issued an entry ordering appellant to show cause why the appeal should not be dismissed since the appeal is premature because the trial court has not issued an entry deciding the case and setting forth its ruling. On June 20, 2019, appellant filed a response to our entry.

---

[1] It is unclear and we are not making a determination at this time as to whether appellant is a proper party or has standing in this matter.

{¶3} Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} Here, the May 3, 2019 "Journal Entry" was signed by the magistrate, not by a judge.

{¶6} "* * * [A] magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." See Civ.R. 53(D)(2)(a)(i). This court had previously stated that magistrate orders require trial court approval if they dispose of a party's claim. *In the Matter of Dougherty*, 11th Dist. Ashtabula No. 2013-A-0023, 2013-Ohio-2841, ¶ 4.

2

{¶7} This court has also held that there is no final judgment where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded because "orders are not court orders unless certain formalities are met." *Id.* at ¶ 5. Only judges, not magistrates, may terminate claims or actions by entering judgment. *Id.*

{¶8} In this matter, the magistrate issued an "entry," but the trial court failed to enter judgment stating the relief to be afforded. At this juncture, there is no entry issued by the trial court that fits within any of the categories of R.C. 2505.02. Thus, there is no final appealable order, and this court does not have jurisdiction to hear this appeal. Since the "entry" signed by magistrate has not yet received "judicial approval" pursuant Civ.R. 53(D)(2)(a)(i), it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶9} Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order. Accordingly, this appeal is hereby dismissed for lack of jurisdiction.

{¶10} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

3