[Cite as *Tran v. Tran*, 2020-Ohio-241.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| MARISSA TRAN, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-G-0228** |
| DANIEL TRAN, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2018 DC 000509.

Judgment: Appeal dismissed.

*Joseph G. Stafford* and *Nicole A. Cruz,* Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Anne S. Magyaros*, The Gallery Building, 516 East Washington Street, Chagrin Falls, OH 44022 (For Defendant-Appellee).

*Robert E. Zulandt, Jr.,* Robert E. Zulandt Co., LPA, 100 Center Street, Suite 201-B, Chardon, OH 44024 (Guardian Ad Litem).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Marissa Tran, through counsel, filed an appeal from an October 4, 2019 order, in which a magistrate from the Geauga County Court of Common Pleas granted the motion to compel the execution of medical releases filed by appellee, Daniel Tran.

{¶2}    On November 18, 2019, this court issued an entry instructing appellant to show cause why the appeal should not be dismissed for lack of a final appealable order. In our entry, we state that magistrate orders are interlocutory in nature and without judicial approval are not directly appealable.

{¶3}    Appellant filed a brief in support of jurisdiction on December 3, 2019. Appellee filed a response to appellant's brief on December 4, 2019.

{¶4}    Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶5}    R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. In the instant matter, the October 4, 2019 order does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶6}    "* * * [A] magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." See Civ.R. 53(D)(2)(a)(i). Further, this court has stated that magistrate orders require trial

court approval if they dispose of a party's claim. *In the Matter of Dougherty*, 11th Dist. Ashtabula No. 2013-A-0023, 2013-Ohio-2841, ¶ 4.

{¶7} This court has also held that there is no final judgment where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded because "orders are not court orders unless certain formalities are met." *Id.* at ¶ 5, citing *Wheeler v. Tubbs*, 11th Dist. Lake No. 2008-L-159, 2008-Ohio-6411. Only judges, not magistrates, may terminate claims or actions by entering judgment. *Id.*

{¶8} Here, the October 4, 2019 magistrate's order is not a final appealable order, and this court does not have jurisdiction to hear this appeal. Since the magistrate's order has not yet received "judicial approval" pursuant Civ.R. 53(D)(2)(a)(i), it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶9} Based upon the foregoing analysis, the order of the trial court is not a final appealable order. Accordingly, the instant appeal is dismissed, sua sponte, for lack of jurisdiction.

{¶10} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.