[Cite as *Glover v. Canann*, 2020-Ohio-4361.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| SYDNEY GLOVER, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-T-0026** |
| REBECCA LYNN CANANN, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Juvenile Division, Case No. 2018 JP 00059.

Judgment: Appeal dismissed.

*John H. Chaney, III*, Daniel Daniluk LLC, 1129 Niles-Cortland Road, S.E., Warren, OH 44484 (For Plaintiff-Appellant).

*Robert Lee Root, III*, 175 Franklin Street, S.E., Warren, OH 44481 (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} On April 27, 2020, appellant, Sydney Glover, filed an appeal from an entry issued by the Trumbull County Court of Common Pleas, Juvenile Division.

{¶2} Appellant commenced this parenting action. After appellant's paternity was established, the magistrate issued an order approving a shared parenting plan. Appellee, Rebecca Lynn Canann, and appellant both filed motions to set aside the order. In a March 25, 2020 entry, the trial court denied appellant's and appellee's motions to set

aside and instructed the magistrate to "issue a Nunc Pro Tunc Order to reflect the proper birth date of [the] minor child * * *."

{¶3} This court issued an entry on July 1, 2020 instructing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. To date, appellant has filed no response.

{¶4} Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed on appeal only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court has no jurisdiction to review it, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶5} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. Here, the appealed entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶6} Civ.R. 53(D)(2)(a)(i) states that "* * * a magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Pursuant to Civ.R. 53(D)(2)(b), "[a]ny party may file a motion with the court to set aside a magistrate's order," but the "pendency of a motion to set aside does not stay the effectiveness of the magistrate's order, though the magistrate or the court may by order stay the effectiveness of a magistrate's order." Magistrate orders require trial court approval if they dispose of a party's claim. *Tran v. Tran*, 11th Dist.

Geauga No. 2019-G-0228, 2020-Ohio-241, ¶ 6. This court has held that there is no final judgment where the trial court fails enter judgment stating the relief to be afforded because "orders are not court orders unless certain formalities are met." *Id.* at ¶ 5.

{¶7} In the instant matter, although the judge ruled on the motions to set aside the magistrate's order in his March 25, 2020 entry, he instructed the magistrate to issue a nunc pro tunc order to reflect the correct birth date of the minor child. The appealed entry does not contain a statement of relief or terminate the action. Therefore, it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action. This court does not have jurisdiction to hear this appeal.

{¶8} Based on the foregoing, we dismiss this appeal, sua sponte, for lack of jurisdiction.

{¶9} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.