[Cite as *In re S.J.*, 2021-Ohio-471.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: S.J. | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2020-T-0008** |
| | : | |
| | : | |

Appeal from the Trumbull County Court of Common Pleas, Juvenile Division, Case No. 2014 CH 00006.

Judgment:  Appeal dismissed.


*Tammy Richardson*, Trumbull County Children Services Board, 2282 Reeves Road, N.E., Warren, Ohio 44483-4354 (For Appellee).

*Mary McQueen*, pro se, 410 Alameda, Youngstown, Ohio 44504 (Appellee).

*Aaron Jones*, pro se, A511-342, Belmont Correctional Institution, 68518 Bannock Road, PO. Box 540, St. Clairsville, Ohio 43950 (Appellant).

*Rhonda L. Granitto Santha*, 6401 State Route 534, Farmington, Ohio 44491 (Guardian ad litem)


THOMAS R. WRIGHT, J.

{¶1}    Appellant, Aaron Jones, appeals the trial court's January 15, 2020 judgment overruling his motion to modify the order governing custody and visitation of his grandchild, S.J.  We dismiss.

{¶2}    In 2014, S.J. was deemed a dependent child, and a maternal relative was subsequently identified to care for the child.  Custody of S.J. was granted to this maternal

relative in 2016. Aaron Jones, the maternal grandfather, was not a party to the proceedings.

{¶3} In December 2019, Aaron moved the trial court to modify the custody and visitation agreement. Aaron's motion states that he is raising arguments on behalf of his daughter, Sherrelle, S.J.'s mother. Aaron also signed the motion as "representing mother." The trial court directed Aaron to amend his motion and verify that he is an attorney. Aaron then filed a response in which he notes that he is not an attorney and while he continues to raise arguments on her behalf, he no longer states that he is representing Sherrelle. Aaron's response contends that Sherrelle's right to due process was violated, and he seeks a court order directing the child's custodian to attend therapy sessions with Sherrelle. Aaron also seeks increased visitation for Sherrelle with her child. He does not seek any relief for himself or ask to intervene as a party.

{¶4} The trial court overruled Aaron's motion and response, finding in part that Aaron failed to establish he had standing to raise the issues; that he failed to establish the juvenile court had jurisdiction for a change of custody; that he had not shown that the change of custody requirements were satisfied; and that he failed to serve the parents of the child or the custodian.

{¶5} Aaron appeals and raises four assignments of error. Appellee, the Trumbull County Children Services Board, urges we affirm the court's decision overruling Aaron's motion or alternatively that we dismiss the appeal since Aaron, a nonparty, lacks standing to appeal.

{¶6} Whether a party has standing to initiate proceedings and invoke a court's jurisdiction presents a question of law that we review de novo. *Quantum Servicing Corp.*

2

*v. Haugabrook*, 9th Dist. Summit No. 26542, 2013-Ohio-3516, ¶ 7, citing *Thomas v. Bldg. Dept. of Barberton,* 9th Dist. Summit No. 25628, 2011-Ohio-4493, ¶ 6.

{¶7}   Juv.R. 2(Y) defines a "party" to a juvenile court proceedings as:  "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court."  Because Aaron is none of these, he lacks standing to seek to modify the court's custody decision.

{¶8}   "Juv.R. 2(Y) gives the trial court 'wide discretion to name parties to a juvenile court action* * *.'" (Citation omitted.)  *In re R.W.*, 2015-Ohio-1031, 30 N.E.3d 254, ¶ 16 (8th Dist.).

{¶9}   "[W]hile a nonparty generally lacks the right to appeal, 'one who has attempted to intervene as a party has the requisite standing [to challenge on appeal].' *In re R.W.* [at] ¶ 12 * * *, citing *Januzzi v. Hickman,* 61 Ohio St.3d 40, 45, 572 N.E.2d 642 (1991)."  *In re J.B.*, 8th Dist. Cuyahoga No. 103521, 2016-Ohio-5513, ¶ 40.

{¶10}   Here, it appears Aaron could have sought to intervene as a party in an effort to raise arguments on his own behalf.  He did not.  He is not challenging the denial of a motion to intervene seeking to assert arguments for himself.  Instead, he is rearguing contentions raised on behalf of his daughter.  Thus, we agree that he lacks standing to appeal.

{¶11}   Moreover, and as stated, Aaron concedes he is not a lawyer, and laypersons are not permitted to act in a representative capacity in Ohio.  Although a party

may act in a pro se capacity by representing himself in court without a lawyer, a nonlawyer is generally not allowed to represent another in a legal action. R.C. 4705.01.

{¶12} The 10th District addressed a comparable case in which a layperson appealed the dismissal of wrongful death and survival claims he filed on behalf of the decedent's statutory next of kin and estate. *Lusk v. Crown Pointe Care Ctr.*, 2019-Ohio-1326, 135 N.E.3d 414, ¶ 8 (10th Dist.), *appeal not allowed,* 157 Ohio St.3d 1406, 2019-Ohio-3731, 131 N.E.3d 76, ¶ 8 (2019), and *cert. denied,* 140 S.Ct. 905, 205 L.Ed.2d 462. The court explained: "Lusk was appointed as the executor of his mother's estate. Generally, Lusk may independently represent his own interests, but, as a non-attorney, he may not represent in court the interest of others, included the decedent's other next of kin. While Lusk is one of decedent's next of kin, he is not her only next of kin as he has a sister, and representing the interests of his sister would constitute the unauthorized practice of law." *Id.*

{¶13} "When a non-attorney files a notice of appeal and attempts to prosecute the appeal in court as counsel on behalf of another, such constitutes the unauthorized practice of law for which the pleadings filed should be stricken and the proceeding thus attempted dismissed. *Bank of New York v. Miller*, 185 Ohio App.3d 163, 2009-Ohio-6117, 923 N.E.2d 651, ¶ 13 (5th Dist.); *Scott v. H.T.M. Trust*, 3d Dist. [Putnam] No. 12-90-4, 1991 WL 82878 (May 9, 1991). Therefore, because Lusk is not authorized to appeal pro se from the trial court's dismissal of the wrongful death and survival claims he filed against appellees on behalf of the decedent's statutory next of kin and her estate, we must dismiss this appeal." *Lusk* at ¶ 12.

{¶14} Like *Lusk,* Aaron's attempt to prosecute this appeal on behalf of his daughter is impermissible since he is not an attorney. *Id.*

{¶15} Because Aaron lacks standing to pursue the assignments of error and he is not an attorney permitted to represent Sherrelle, dismissal of the appeal is warranted.


MARY JANE TRAPP. P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.