[Cite as *In re M.M.*, 2021-Ohio-1695.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **MEMORANDUM OPINION** |
| M.M. | : | |
| | | **CASE NO. 2021-A-0010** |

Civil Appeal from the Ashtabula County Court of Common Pleas, Juvenile Division, Case No. 2020 JC 00002.

Judgment: Appeal dismissed.

*Joseph Palazzo*, Kurt Law, LLC, 4770 Beidler Road, Willoughby, OH 44094 (For Appellant).

*Christopher M. Newcomb*, 213 Washington Street, Conneaut, OH 44030 (For Appellee).

*Carmen M. Hamper*, P.O. Box 2834, Ashtabula, OH 44005 (Guardian ad litem).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Amanda L. Van Alphen, filed a pro se appeal from a March 10, 2021 Magistrate's Decision/Order, in which the magistrate granted the Ashtabula County Children Services Board's motion to terminate temporary custody and grant legal custody of the minor child to the father.

{¶2} We must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116,

2003-Ohio-6241, ¶ 3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶1}    "* * * [A] magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party."  See Civ.R. 53(D)(2)(a)(i).  This court has stated a magistrate order requires trial court approval if it disposes of a party's claim.  *In the Matter of Dougherty*, 11th Dist. Ashtabula No. 2013-A-0023, 2013-Ohio-2841, ¶ 4.

{¶2}    This court has also stated there is no final judgment where a trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded because "orders are not court orders unless certain formalities are met."  *Tran v. Tran*, 11th Dist. Geauga No. 2019-G-0228, 2020-Ohio-241, ¶ 7.  Only judges, not magistrates, may terminate claims or actions by entering judgment.  *Id.*

{¶3}    Here, the March 10, 2021 magistrate's decision/order is not a final appealable order, and this court does not have jurisdiction to hear this appeal.  Since it has not yet received "judicial approval" pursuant Civ.R. 53(D)(2)(a)(i), it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party.  Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶4}    For the foregoing reasons, there is no final appealable order.  Accordingly, the instant appeal is dismissed, sua sponte, for lack of jurisdiction.

CYNTHIA WESTCOTT RICE, J.,
MATT LYNCH, J.,
concur.

2