[Cite as *In re 36370 Vine St.*, 2021-Ohio-2891.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

IN RE:

36370 VINE STREET

CASE NO. 2021-L-050

Civil Appeal from the
Willoughby Municipal Court

Trial Court No. 2019 MIS 00001

**M E M O R A N D U M**
**O P I N I O N**

Decided: August 23, 2021
Judgment: Appeal dismissed

*J. Jeffrey Holland*, Holland & Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Michela J. Huth*, P.O. Box 17, Bolivar, OH 44612 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}   On April 27, 2021, appellant, Nadine Bechtel, filed a notice of appeal from an October 12, 2020 "Judgment" from the Willoughby Municipal Court.

{¶2}   On April 28, 2021, appellant filed a motion for a delayed appeal. Appellee filed a brief in opposition to the motion for a delayed appeal and a motion to dismiss on June 23, 2021.  On July 12, 2021, appellant filed her opposition to the motion to dismiss and a reply to appellee's opposition to the motion to file a delayed appeal.

{¶3} Appellant's motion for delayed appeal is overruled since this is a civil appeal and it does not fall into any of the categories listed in App.R. 5(A)(1).

{¶4} Appellee's motion to dismiss is also overruled. In the motion, appellee states the appeal should be dismissed because appellant lacks standing, she cannot be granted the relief requested, and the appeal was untimely filed. However, none of the reasons listed in appellee's motion warrant dismissal. Instead, it is our position that this appeal should be dismissed for lack of a final appealable order.[1]

{¶5} This court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a trial court judgment can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then we do not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶6} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if a trial court judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

---

1. We note that this appeal would have been considered untimely filed had there been a final appealable order.

Case No. 2021-L-050

{¶7} This court has held there is no final judgment where a trial court fails to both adopt a magistrate's decision and enter a judgment stating the relief to be afforded because "orders are not court orders unless certain formalities are met." *In re 36370 Vine St.*, 11th Dist. Lake No. 2019-L-041, 2019-Ohio-3448, ¶ 5. Only judges, not magistrates, may terminate claims or actions by entering judgment. *Id.*

{¶8} Here, the October 12, 2020 "Judgment" simply adopted the May 3, 2019 magistrate's decision, but the trial court failed to enter judgment stating the relief to be afforded. At this juncture, we have no entry that fits within any of the categories of R.C. 2505.02. Thus, there is no final appealable order, and this court does not have jurisdiction to hear this appeal. This appeal has been filed prematurely. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment stating the relief to be afforded in the action.

{¶9} Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order. This appeal is hereby dismissed, sua sponte, as prematurely filed.

{¶10} Appeal dismissed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

Case No. 2021-L-050