[Cite as *Motorists Mut. Ins. Co. v. Courtney*, 2021-Ohio-4056.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| MOTORISTS MUTUAL<br>INSURANCE COMPANY, | CASE NO. 2020-A-0051 |
| Plaintiff-Appellee, | Civil Appeal from the<br>Court of Common Pleas |
| - v - | |
| JACK A. COURTNEY, | Trial Court No. 2020 CV 00215 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: November 15, 2021
Judgment: Affirmed

*Steven J. Zeehandelar*, Zeehandelar, Sabatino & Associates, LLC, 471 East Broad Street, Suite 1500, Columbus, OH 43215 (For Plaintiff-Appellee).

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Jack A. Courtney, appeals from the judgment of the Ashtabula County Court of Common Pleas, granting plaintiff-appellee, Motorists Mutual Insurance Company's, Motion for Default Judgment. For the following reasons, we affirm the decision of the lower court.

{¶2} On April 23, 2020, Motorists Mutual filed a Complaint against Courtney in the Ashtabula County Court of Common Pleas. Therein, Motorists Mutual alleged that it provided insurance to James Ghizzoni, Courtney negligently operated a motor vehicle

causing damage to Ghizzoni's real and personal property, and Motorists Mutual paid to Ghizzoni an amount of $27,831.35, which it requested in damages.

{¶3} A letter signed by Rowena Molson, Courtney's spouse, and addressed to Judge Marianne Sezon, was filed on May 13, 2020, in which Molson stated that she believed Motorists Mutual had committed fraud. Attached was a Small Claims Complaint against Motorists Mutual for fraud which the Ashtabula County Court, Eastern Division, had not accepted for filing due to failure to state a claim upon which relief can be granted. A second letter from Molson to Sezon was filed on June 1, 2020, in which Molson stated her intent to appear in court and "relay a message in the 2020 CV 0215 docket as it is my wish as a defendant on this docket to try and quash the filed case."

{¶4} Motorists Mutual filed a Motion to Strike on June 22, 2020, on the ground that Molson, as a non-attorney, was committing unauthorized practice of law and could not represent Courtney. The court issued a June 25, 2020 Judgment Entry granting the motion and finding that the correspondence was not an answer or appearance by Courtney.

{¶5} Motorists Mutual filed a Motion for Default Judgment on September 4, 2020. Attached to the Motion were an affidavit stating that Motorists Mutual had paid $27,831.35 to its insured to repair property Courtney damaged; a copy of the check issued to the insured for that amount; and the estimate from the claims representative listing the individual damages to the property. A notice was issued informing the parties that the matter would be set for a default hearing before the judge on September 30, 2020.

{¶6} On September 30, 2020, Molson filed a Motion to Dismiss, Motion for Discovery, Motion for Continuance, Merit Brief, and copies of two letters she appears to

2

Case No. 2020-A-0051

have sent to the United States Attorney General and United Nations.

{¶7} On October 5, 2020, a Magistrate's Order was filed, which noted that Courtney attended the default hearing unrepresented and made a statement describing the accident and indicating he had insurance coverage. Motorists Mutual did not attend the hearing. The magistrate recommended that the motion for default be granted, finding that Courtney had been served with the Complaint and had not filed an answer.

{¶8} The trial court issued an October 16, 2020 Judgment Entry finding that Molson had filed various documents and motions "after a Default Hearing before the Magistrate," that she was not a party or a licensed attorney, and striking these filings. On the same date, it issued a Default Judgment Entry, which stated the following: "Case called, Defendant failing to answer, upon evidence adduced, judgment rendered for Plaintiff in the amount of $27,831.35, plus costs and interest at the statutory rate of 5%."

{¶9} A notice of appeal was filed in this court, listing Courtney and Molson as appellants. This court struck filings made by Molson and found she was not a party to the appeal.

{¶10} On appeal, Courtney raises the following assignment of error:

{¶11} "The trial court erred and abused discretion to the appellant's substantial prejudice when said court never approved, adopted or even mentioned the magistrate's order and when the court referred to an adducement of evidence which never occurred before the trial court judge, and the court's entry recites that 'case called' when it was not with no notice to anyone if at all."

{¶12} Courtney argues that there were irregularities in the proceedings below which warrant reversal, including that the court did not adopt or otherwise issue a ruling

3

Case No. 2020-A-0051

on the magistrate's order and that the trial court stated it called the case and "adduced" evidence when no notice or record of a hearing before the judge exists.

{¶13} "A trial court's decision to grant or deny a motion for default judgment is reviewed under an abuse of discretion standard." *Lacy v. State*, 11th Dist. Ashtabula No. 2019-A-0091, 2020-Ohio-3089, ¶ 83. An abuse of discretion is the trial court's "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶14} "Default judgment may be awarded '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these [civil] rules * * *.'" *U.S. Bank Natl. Assn. v. Birovsek*, 2019-Ohio-838, 132 N.E.3d 1121, ¶ 24 (11th Dist.), citing Civ.R. 55(A). "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Civ.R. 55(A).

{¶15} Courtney first emphasizes that the magistrate issued an order which was never explicitly adopted by the trial court, that this order should have been referred to as a "decision," and concludes that "[i]t is understood that the trial court may act independently of said Magistrate's Order in addressing the issues at hand and perhaps that is what the trial court sought to do." It is unclear, then, whether he is arguing that the trial court's action in issuing its separate entry was improper without first adopting the magistrate's order. Nonetheless, we opine that there was no error in doing so.

{¶16} Regardless of whether it was labeled a magistrate's order or decision, the October 5, 2020 Magistrate's Order, as it recommended granting the motion for default

4

judgment, could not be effective "unless adopted by the court." Civ.R. 53(D)(4)(a); *In re M.M.*, 11th Dist. Ashtabula No. 2021-A-0010, 2021-Ohio-1695, ¶ 3 ("a magistrate order requires trial court approval if it disposes of a party's claim"). The trial court did not explicitly state that it adopted the magistrate's order, although it reached the same conclusion that default judgment should be entered. Even presuming this did not constitute "adopting" the magistrate's order, Courtney concedes that the trial court may act independently to put forth its own entry disposing of the case, through its ruling granting default judgment and entering an award of damages, and fails to cite authority preventing a court from issuing an order independent of the magistrate's decision or order. We find no reversible error in the course of action taken by the trial court here. *See DaimlerChrysler Fin. Servs. N. Am. LLC v. Hursell Unlimited, Inc.*, 9th Dist. Summit No. 24815, 2011-Ohio-571, ¶ 14 (where the trial court never adopted the magistrate's decision ruling that all pending matters were resolved, the trial court properly ruled on a pending motion).

{¶17} Under these circumstances, there was little for the court to review and adopt from the magistrate's order. In default proceedings where the defendant fails to appear, the record itself demonstrates that default is properly granted. From the record, it is evident that Courtney failed to appear prior to the default hearing and did not file a pleading or otherwise defend the action with a response to the Complaint. An appearance "is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court." (Citation omitted.) *Hiener v. Moretti*, 11th Dist. Ashtabula No. 2009-A-0001, 2009-Ohio-5060, ¶ 13. The filings made by Molson were not an appearance as they did not purport to be made by Courtney nor is Molson, a non-

5

attorney, permitted to represent him in a legal action. *In re S.J.*, 11th Dist. Trumbull No. 2020-T-0008, 2021-Ohio-471, ¶ 11. While Courtney notes that he did appear before the court by attending the default hearing, appearing at the default hearing does not avoid a finding that a party is in default for failure to respond to the Complaint. *See Danford Health Care, Inc. v. Wilson*, 2d Dist. Montgomery No. 28943, 2021-Ohio-1737, ¶ 27-30 (default judgment was properly awarded when the defendant first appeared before the court at the hearing on the motion for default judgment).

{¶18}  Courtney takes issue with the fact that the trial court's entry stated "case called" when there is no indication in the record that the judge held a hearing or provided notice of such a hearing. It is unclear whether the court may have been referencing the previous hearing before the magistrate or simply indicating that the matter was before it for consideration. Regardless, there was no requirement to give Courtney notice of a hearing on default judgment since there "is no question that [he] failed to appear before the trial court, filing no pleadings or documentation whatsoever." *Chase Home Fin., LLC v. Mentschukoff*, 11th Dist. Geauga No. 2014-G-3205, 2014-Ohio-5469, ¶ 34-35 (rejecting defendant's argument that "the court should vacate its judgment because he was not given notice of his right to attend a default judgment hearing and no such hearing was set or held").

{¶19} While Courtney argues that it was irregular for the court to state that evidence was "adduced" given that it did not hold a hearing, the court could have been referencing the affidavit and other evidence including the check demonstrating payment to the insured submitted with the Motion for Default Judgment. That evidence was presented to the court and supported the amount of the judgment requested and ordered.

6

Courtney does not present argument or authority that the award of damages was otherwise improper or whether a damages hearing was required under the circumstances of this case. We briefly note that this court has held that a hearing on damages shall be held where a judgment is not liquidated but that proof of damages is not required where damages "can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law." (Citation omitted.) *Qualchoice, Inc. v. Brennan*, 11th Dist. Lake No. 2008-L-143, 2009-Ohio-2533, ¶ 23. In *Qualchoice*, this court held that a damages hearing was not necessary where an insurance company sued as subrogee to obtain the amount of damages paid to its insured for medical bills and attached to its motion for default judgment a claim report identifying payments made on behalf of the insured. While the present matter did not involve payment of an account, Motorists Mutual made a payment to its insured, provided records of the amount paid, and provided the report showing the damages to the property leading to that payment. The amount of damages was clearly set forth in the Complaint, affidavit, and documents attached to the motion for default judgment and the amount was "readily ascertainable" from these documents. *See K. Ronald Bailey & Assoc. Co., L.P.A. v. Soltesz*, 6th Dist. Erie No. E-05-077, 2006-Ohio-2489, ¶ 16; *see also Kaferle v. MKT Holdings, L.L.C.*, 8th Dist. Cuyahoga Nos. 105990 and 106620, 2018-Ohio-4208, ¶ 18-20 (noting that, although dependent upon the circumstances, "trial courts have broad discretion under Civ.R. 55 to award damages by default based on affidavits in lieu of live testimony"). In the absence of any argument or authority provided by Courtney relating to the process for awarding damages, we decline to find error.

{¶20} The sole assignment of error is without merit.

Case No. 2020-A-0051

{¶21} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, granting default judgment in favor of Motorists Mutual, is affirmed. Costs to be taxed against appellant.

MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case No. 2020-A-0051