[Cite as *Hornbeck Home Renovations, Inc. v. Crain*, 2026-Ohio-1515.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# TRUMBULL COUNTY

HORNBECK HOME RENOVATIONS, INC.,

        Plaintiff-Appellee,

- vs -

THOMAS CRAIN,

        Defendant-Appellant.

**CASE NO. 2025-T-0091**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2023 CV 01428

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Appeal dismissed

*Jason M. Rebraca*, Johnson & Johnson Law Firm, 12 West Main Street, Canfield, OH 44406 (For Plaintiff-Appellee).

*Kevin P. Daley*, 1451 East Market Street, Warren, OH 44483 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}  On December 19, 2025, Appellant, Thomas Crain, filed a notice of appeal from an order of the Trumbull County Court of Common Pleas.  On January 8, 2026, Hornbeck Home Renovations, Inc. ("Hornbeck"), filed a Motion to Dismiss Appeal arguing that this Court lacks subject-matter jurisdiction.  On January 29, 2026, Appellant filed a Response in opposition.  For the reasons that follow, we grant Hornbeck's motion and dismiss this appeal for lack of a final order.

{¶2}  On December 19, 2025, Appellant filed his notice of appeal and attached two documents, which we describe in reverse order.  The second document is identified

as a "Magistrate's Order."  This "Order" was signed by the magistrate, was filed on September 19, 2025, and provides that the underlying civil matter was tried to the magistrate on September 15, 2025.  Within this "Order," the magistrate summarized the parties' respective positions, entered judgment in favor of Hornbeck and against Appellant, and awarded monetary damages to Hornbeck.  The final portion of this "Order" refers to a "Magistrate's Decision" and contains the notice set forth in Civ.R. 53(D)(3)(a)(iii) for filing objections.

{¶3}    The first document is also identified as a "Magistrate's Order."  This "Order" was signed by the trial court judge, was filed on November 19, 2025, and provides that the matter "came before the Court on the Objections to the Magistrate's Decision filed by" Appellant.  Within this "Order," the trial court overruled Appellant's objections and "adopt[ed] and incorporate[d] the Magistrate's Decision in its entirety."

{¶4}    On January 8, 2026, Hornbeck filed a Motion to Dismiss Appeal based on this Court's alleged lack of subject-matter jurisdiction.  Hornbeck argues that Appellant raised two issues in his objections to the magistrate's decision but did not preserve them for purposes of appeal.  In particular, Appellant objected on the basis that the magistrate should have granted him additional time to retain an "alternate expert"; however, Appellant had never filed a motion for a continuance.  In addition, Appellant objected on the basis that the record did not support the magistrate's decision; however, Appellant had never filed a transcript of the evidence submitted to the magistrate pursuant to Civ.R. 53.

{¶5}    On January 29, 2026, Appellant filed a Response in opposition.  Appellant counters that this Court possesses subject-matter jurisdiction and that Hornbeck's Motion to Dismiss involves the merits of his appeal.

{¶6}    Upon review, we agree with Hornbeck that this Court lacks subject-matter jurisdiction, although for different reasons.

{¶7}    Article IV, § 3(B)(2) of the Ohio Constitution provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ."  If the trial court's order is not a final order, then this Court does not have jurisdiction to review the case, and the appeal must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶8}    While not discussed by the parties, the documents attached to Appellant's notice of appeal contain irregularities, including one that is fatal to this Court's jurisdiction.  Despite the second document's caption, its substance indicates that it is actually a "magistrate's decision."  A magistrate "may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party."  Civ.R. 53(D)(2)(a)(i).  By contrast, a "magistrate's decision" is prepared "respecting any matter referred under Civ.R. 53(D)(1)," i.e., "a particular case or matter."  Civ.R. 53(D)(3)(a)(i) and (D)(1).  The second document indicates that it was prepared following a trial on the merits; therefore, it was dispositive of the parties' claims and defenses.

{¶9}    Further, despite the first document's caption, its substance indicates that it is actually a "judgment" issued by the trial court judge.  *See* Civ.R. 54(A) ("'Judgment' as

Case No. 2025-T-0091

used in these rules means a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court.").

{¶10} Most importantly, even if the documents are construed in the above manner, there is no final order in this case. This Court has held that "[a] magistrate's decision is not final until a trial court reviews the decision and (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) *enters a judgment that determines all of the claims for relief in the matter*." (Emphasis added.) *Perkins v. Perkins*, 2024-Ohio-5162, ¶ 15 (11th Dist.). *See* Civ.R. 53(D)(4)(e) ("A court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order.") Thus, "there is no final judgment where a trial court fails to *. . . enter judgment stating the relief to be afforded . . . .*" (Emphasis added.) *In re M.M.*, 2021-Ohio-1695, ¶ 4 (11th Dist.). This is because "[o]nly judges, not magistrates, may terminate claims or actions by entering judgment." *Ledet v. Ledet*, 2023-Ohio-2926, ¶ 4 (11th Dist.).

{¶11} The trial court expressly overruled Appellant's objections and adopted and incorporated the magistrate's decision. However, the trial court failed to expressly enter judgment in Hornbeck's favor and award monetary damages. This Court has held that "it is not sufficient for a final appealable order that a trial court merely incorporate by reference the recommendations of a magistrate's decision." *Walsh v. Walsh*, 2022-Ohio-1101, ¶ 4 (11th Dist.). "Rather, the decision and the trial court's judgment must be 'separate and distinct instruments which are complete and independent of each other.'" *Id.*, quoting *In re Castrovince*, 1996 WL 1056815, *1 (11th Dist. Aug. 16, 1996). Accordingly, the trial court's judgment is not a final order.

Case No. 2025-T-0091

{¶12} Contrary to Hornbeck's assertion, Appellant's alleged failure to file a transcript in support of his objections to the magistrate's decision would not deprive this Court of jurisdiction; rather, it would limit our standard of appellate review. *See, e.g., Smith v. Treadwell*, 2010-Ohio-2682, ¶ 25 (11th Dist.) (when no transcript is provided to the trial court, "an appellate court will only reverse if it finds the trial court adopted the magistrate's decision when there was clear error of law or other defect on its face"). Regarding Appellant's alleged failure to file a motion for a continuance below, Hornbeck cites no authority indicating that such a circumstance creates a jurisdictional defect (nor have we located any such authority).

{¶13} For the foregoing reasons, Hornbeck's Motion to Dismiss Appeal is granted based on different reasoning, and this appeal is dismissed for lack of jurisdiction.

MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-T-0091

# JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion of this Court, it is ordered that Appellee's Motion to Dismiss Appeal is granted based on different reasoning, and that this appeal is dismissed for lack of jurisdiction.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0091