DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jamie Hamilton, appeals from an order of the Lorain County Court of Common Pleas, Probate Division, denying her motion to vacate the final order of adoption of her natural daughter, J.H. We affirm.
 I. {¶ 2} Appellant was married to Scott Hamilton on May 9, 2003, when Appellant was 16 years old and Scott was 19 years old. On October 31, 2003, Appellant gave birth to a baby girl, J.H. Scott acknowledges that he is the natural father. Although the couple intended to raise their daughter on their own, the record indicates that they had a "turbulent" marriage with a pattern of splitting up and reconciling. Consequently, they often left J.H. in the care of Scott's parents, Appellees Terry and Kimberly Hamilton, for days at a time.
 {¶ 3} Appellant left J.H. with Appellees in May, 2004, and J.H. has remained with Appellees since that time. Appellees filed a petition for adoption on October 18, 2004. Appellant and Scott filed forms consenting to the adoption at a hearing on October 28, 2004, and Appellant, then aged 17 and considered an emancipated minor, also filed an acknowledgement of natural parent form at that hearing. Appellees' attorney was present at that hearing. Appellant and Scott were unrepresented. A final adoption decree, naming Appellees as parents, was entered on March 8, 2005.
 {¶ 4} On January 19, 2006, Appellant and Scott, represented by counsel, filed a motion to vacate the adoption order. They claimed that an assessor failed to meet with them and provide them with information regarding adoption, as required by R.C.3107.082, and that Appellees had misrepresented the nature of the proceedings, telling Appellant that the consent proceedings were only to consent to a guardianship, not an adoption. According to Appellant, she and her husband only learned that they had permanently relinquished all parental rights when Appellees refused to allow Appellant and Scott to visit J.H., around the time that the final adoption decree was entered.
 {¶ 5} The trial court denied the motion to vacate. In its order, the court stated, without citation, that an assessor is not required to meet with the natural parents except when consent is given within 72 hours of birth, and that in this case, J.H. was nearly one year old at the time of the adoption. The court further held that R.C. 5103.16(E) exempts placement hearings in cases where the adoptive parents are the natural grandparents of the child, as is the case here. Finally, the court held that, based on the record, Appellant and Scott gave knowing and voluntary consent to the adoption.
 {¶ 6} Appellant and Scott appealed to this court, although Scott withdrew as a party on June 21, 2006, leaving Jamie as the sole appellant. Appellant raises two assignments of error for our review.
 II A. First Assignment of Error
"THE PROBATE COURT GROSSLY ERRED WHEN IT GRANTED THE ADOPTION IN VIOLATION OF R.C. § 3107.081 AND § 3107.082."
 {¶ 7} R.C. 3107.082 provides that when a child's natural parents consent to the adoption of their child, a court-appointed assessor generally must meet in person with the parents at least 72 hours before executing an adoption consent form in order to review the adoption forms and other written material pertaining to the adoption process and to discuss any questions or concerns that the natural parents may have. Appellant alleges that she and Scott did not meet with an assessor at any time before the hearing. Appellant further alleges that she did not receive any written materials on adoption and that she saw only the "Acknowledgement of Natural Parent" form and not the consent form prior to the hearing.
 {¶ 8} We need not address this assignment of error, as it challenges the original adoption decree of March 8, 2005 and not the order denying Appellant's motion to vacate. This appeal was filed on March 29, 2006, well outside the 30 day limit prescribed by App.R. 4(A). Appellant argues that she was not made aware of the entry of the adoption decree and therefore had no way of knowing when the decree was final. Failure of notice, however, does not affect the validity of the judgment. Civ.R. 58(B). It is well established that the parties to the case have a duty to keep apprised of the progress of the case on the docket. Sulfridge v.Kindle (Sept. 25, 2001), 4th Dist. No. 00CA700, at *8, citingKay v. Glassman (Feb. 1, 1995), 9th Dist. No. 16726; see, also,Hahn v. McBride (1913), 88 Ohio St. 511, 513. Furthermore, Paragraph 7 of the "Acknowledgement of Natural Parent" form that Appellant signed at the October 28, 2004 hearing specifically states:
"I understand that the Final Order of Adoption is subject to appeal by me to the Court of Appeals for the County. However, I am giving up the right to receive notice of any hearing, or of the issuance of either the Interlocutory or Final Order of Adoption, and therefore will not know specifically when my rights of appeal may expire. I understand that the Final Order of Adoption should be granted in approximately seven months, and the normal right of appeal would expire 30 days from that day. If I have any questions concerning contesting this adoption in any manner, I understand that I should immediately contact the Court and/or legal counsel."
 {¶ 9} Appellant therefore had notice that it would be entirely her responsibility to be aware of the date of the final judgment and that she would have no right of appeal more than 30 days after that date. Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PETITIONERS JAMIE AND SCOTT HAMILTON'S MOTION TO VACATE PURSUANT TO OHIO CIV. R. 60(B)."
 {¶ 10} An order denying a motion to vacate under Civ.R. 60(B) is reviewed for an abuse of discretion. In re Adoption ofYurick (Dec. 15, 1999), 9th Dist. No. 19520, at *1. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 11} A party may challenge a judgment under Civ.R. 60(B) by showing: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If a party fails to prove any of these three elements, then the trial court must deny the motion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. The circumstances under Civ.R. 60(B)(1)-(5) that would allow a court to grant a motion to vacate are:
"(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment."
 {¶ 12} Appellant asserts two claims for the first prong of the test. Appellant first claims that due to the court's error in not appointing an assessor, she did not fully comprehend the consequences of consenting to the adoption. Appellant supports her argument, however, with only a self-serving affidavit.
 {¶ 13} Even if an assessor was required to meet with the natural parents in this case, a deviation from the requirements of R.C. 3107.082 is not necessarily fatal to the natural parents' consent if such a strict interpretation of the adoption statute would result in an unjust or unreasonable result and the trial court finds that consent was given knowingly and voluntarily. SeeIn re Infant Male Jackson (Nov. 5, 1999), 1st Dist. Nos. C-980077, C-990008, at *4. The trial court found that consent in the present case was given knowingly and voluntarily, and the transcript of the hearing in this case supports such a finding:
"THE COURT: Do you understand that the effect of your consent of the placement of adoption in the subsequent order of adoption is the termination of all legal relationships between you and your child?
"[APPELLANT]: Yes, I do."
 {¶ 14} Furthermore, given that about ten months elapsed between the date of the adoption decree and the date of the motion to vacate and that J.H. had been living in the relative stability of the adoptive parents' house for about a year and a half at the time of the motion to vacate, the trial court could reasonably have found that vacating the adoption decree would be unreasonable as contrary to J.H.'s best interests. See id.
 {¶ 15} For her second claim, Appellant asserts fraudulent misrepresentation. She claims that she trusted and relied upon Appellees, who took advantage of Appellant's limited resources, her youth, and her inexperience, falsely telling her that she was only consenting to a temporary guardianship and not an adoption, only to cut off all contact between Appellant and her daughter when the adoption was finalized. Again, Appellant's own affidavit is the only evidence in support of this argument, and the colloquy between Appellant and the trial judge suggests that Appellant knowingly and voluntarily consented to the adoption. Therefore, we cannot say that the trial judge abused his discretion in finding that Appellant knowingly and voluntarily consented to the adoption. The second assignment of error is overruled.
 III. {¶ 16} Both assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. Concur.