[Cite as *Walsh v. Walsh*, 2020-Ohio-6998.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| KENNETH J. WALSH, | : | **MEMORANDUM OPINION** |
| Petitioner-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-A-0050** |
| CARMELLA A. WALSH, | : | |
| Petitioner-Appellee. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 DR 00334.

Judgment: Appeal dismissed.

*Darya Jeffreys Klammer,* The Klammer Law Office, Ltd., 7482 Center Street, Unit 6, Mentor, OH 44060 (For Petitioner-Appellee).

*Kenneth J. Walsh*, pro se, 1144 Lloyd Road, Wickliffe, OH 44092 (Petitioner-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Kenneth J. Walsh, filed a pro se appeal from an October 20, 2020 amended order, in which a magistrate from the Ashtabula County Court of Common Pleas ordered him to pay $2,000 per month for spousal support as ordered by an earlier judgment entry of November 17, 2016 in the parties dissolution proceeding, pending resolution of Mr. Walsh's "Post Judgment Motion to Reopen" the dissolution filed June 12, 2020.

{¶2} Appellee, Carmella A. Walsh, through counsel, filed a motion to dismiss the appeal as interlocutory.

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶4} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. In the instant matter, the October 20, 2020 order does not fit within any of the categories of final orders pursuant to R.C. 2505.02(B) and did not dispose of all the pending claims.

{¶5} "* * * [A] magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." See Civ.R. 53(D)(2)(a)(i). This court has stated a magistrate's order requires trial court approval if it disposes of a party's claim. *Tran v. Tran*, 11th Dist. Geauga No. 2019-G-0228, 2020-Ohio-241, ¶ 6.

{¶6} This court has also held that magistrate's orders are interlocutory by nature. *Bar 145 Franchising, LLC v. College Town Kent, LLC*, 11th Dist. Portage No. 2017-P-

2

0102, 2018-Ohio-2459, at ¶ 11. "Although magistrate's *orders* are effective without judicial approval, they are not directly appealable." *Id.*

{¶7} Here, the October 20, 2020 magistrate's order is not a final appealable order, and this court does not have jurisdiction to hear this appeal. Since the magistrate's order has not yet received "judicial approval," it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶8} Accordingly, appellee's motion to dismiss is hereby granted, and this appeal is dismissed for lack of jurisdiction.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.