[Cite as *Jones v. Jones*, 2021-Ohio-4263.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| MOLLY A. JONES, | **CASE NO. 2021-G-0028** |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| JEREMY J. JONES, | Trial Court No. 2019 DC 000752 |
| Defendant-Appellant. | |

# M E M O R A N D U M
# O P I N I O N

Decided: December 6, 2021
Judgment: Appeal dismissed

*Jill Friedman Helfman*, Taft, Stettinius & Hollister, LLP, 200 Public Square, Suite 3500, Cleveland, OH 44114 and *Dennis J. Ibold*, Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Joseph G. Stafford* and *Nicole A. Cruz,* Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Defendant-Appellant).

*Ann M. D'Amico*, Law Offices of Michael J. Caticchio, 6579 Wilson Mills Road, Macy House, Mayfield Village, OH 44143 (Guardian Ad Litem).

MATT LYNCH, J.

{¶1} Appellant, Jeremy J. Jones, through counsel, filed an appeal from an October 8, 2021 order, in which a magistrate from the Geauga County Court of Common Pleas issued certain scheduling orders regarding the show cause motion, trial, temporary support, and discovery. The instant appeal ensued.

{¶2}    Appellee, Molly A. Jones, through counsel, filed a motion to dismiss the appeal for lack of a final appealable order.  Appellee amended her motion to dismiss due to a typographical error in the motion.  Appellant filed a brief in opposition to the motion and a "Memorandum of Substantial Rights Being Infringed."

{¶3}    Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).  Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶4}    R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed.  Here, the October 6, 2021 order and amended order do not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶5}    "* * * [A] magistrate may enter orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party."  See Civ.R. 53(D)(2)(a)(i).  This court has also stated that a magistrate order requires trial court approval if it disposes of a party's claim.  *Tran v. Tran*, 11th Dist. Geauga No. 2019-G-0228, 2020-Ohio-241, ¶ 6.

2

{¶6} Further, we have held that "[a]lthough magistrate's *orders* are effective without judicial approval, they are not directly appealable." *Walsh v. Walsh*, 11th Dist. Ashtabula No. 2020-A-0050, 2020-Ohio-6998, ¶ 6. Hence, a magistrate's order is simply interlocutory by nature. *Id.*

{¶7} In the present case, the October 8, 2021 magistrate's order is not a final appealable order. Therefore, we do not have jurisdiction to hear this appeal. Since the magistrate's order has not yet received "judicial approval," it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in this action.

{¶8} Accordingly, appellee's motion to dismiss and amended motion to dismiss are hereby granted, and this appeal is dismissed for lack of jurisdiction.

{¶9} Appeal dismissed.


MARY JANE TRAPP, P.J.,

JOHN J. EKLUND, J.,

concur.

3