[Cite as *Frase v. Frase*, 2024-Ohio-2481.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

SHERRY FRASE

    Appellee

    v.

KEITH FRASE

    Appellant

C.A. No.     30844

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2022-01-0067

DECISION AND JOURNAL ENTRY

Dated: June 28, 2024

CARR, Judge.

{¶1} Appellant, Keith Frase ("Husband"), appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands for further proceedings consistent with this decision.

I.

{¶2} Husband married Sherry Frase ("Wife") in 1999. After the parties separated in 2021, Wife filed a complaint for divorce on January 10, 2022. Husband filed an answer and counterclaim for divorce. The parties ultimately entered into a separation agreement that resolved most of the issues between them. The matter proceeded to trial before a magistrate on the sole remaining issue, which was the duration of Husband's spousal support obligation. After trial, the trial court issued a judgment entry and decree of divorce that incorporated the parties' separation agreement. The trial court further ordered Husband to pay spousal support until further order from the court.

**{¶3}** On appeal, Husband raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN IMPOSING A SPOUSAL SUPPORT OBLIGATION POTENTIALLY AS LONG AS THE TERM OF THE MARRIAGE, WHERE THE PARTIES ARE OF RELATIVELY YOUNG AGE, BOTH ARE CAPABLE OF SUPPORTING THEMSELVES, AND THERE ARE NO FACTORS UNDER R.C. 3105.18 WHICH WOULD SUPPORT IMPOSITION OF AN INDEFINITE TERM OF SPOUSAL SUPPORT.

**{¶4}** In his sole assignment of error, Husband argued that the trial court erred in rendering a determination regarding the duration of Husband's spousal support obligation.

**{¶5}** As noted above, this matter proceeded to trial before a magistrate. Civ.R. 53(D)(3)(a)(i) provides that "a magistrate shall prepare a magistrate's decision respecting any matter referred under Civ.R. 53(D)(1)."

**{¶6}** Civ.R. 53(D)(3)(a)(iii) provides as follows:

A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

**{¶7}** Civ.R. 53(D)(3)(b)(i)-(iv) set forth the parameters for filing objections to a magistrate's decision. In turn, Civ.R. 53(D)(4)(a)-(e) governs the action of the trial court on a magistrate's decision and on any objections to a magistrate's decision.

**{¶8}** A review of the record here reveals that there was a deviation from the dictates of Civ.R. 53(D), despite the fact that the matter was referred to a magistrate. The transcript indicates that, at the outset of trial, the magistrate allowed the attorneys to inquire of their clients as to the

terms of the separation agreement. Both Husband and Wife testified that the separation agreement accurately reflected issues upon which they were in accord. At the end of the discussion, both parties indicated that they intended to waive the 14-day objection period as to the terms of the separation agreement. Notably, the transcript makes clear that the duration of Husband's spousal support obligation remained a contested issue, which was why the matter was set for trial. The matter proceeded to trial where both parties provided extensive testimony as to their respective financial situations, as well as the circumstances impacting their ability to earn income. During closing arguments, the attorneys for the parties asked the magistrate to account for a number of legal considerations in making its spousal support determination. At the close of trial, the magistrate indicated that it would take the matter under advisement and issue a decision. The magistrate further indicated, "I'll ask the judge for a signature and once she signs off you'll get a copy of it in the mail."

{¶9} Approximately one week later, the trial court issued a judgment entry and decree of divorce that incorporated the parties' separation agreement. Although the judgment entry was signed by both the magistrate and the trial judge, the entry was not identified as a magistrate's decision pursuant to Civ.R. 53(D)(3)(a)(iii). The subsections of the judgment entry containing spousal support orders were filled out by the magistrate, who affixed her signature and the date in the margins. The judgment entry indicated that Husband was ordered to pay spousal support until receiving further orders from the trial court. The judgment entry further specified that the trial court would retain continuing jurisdiction over the issue. Despite the fact that the magistrate seemingly fashioned the spousal support order that was incorporated into the judgment entry, the

parties were not given the conspicuous notice required by Civ.R. 53(D)(3)(a)(iii) of their right to file objections pursuant to Civ.R. 53(D)(3)(b)(i).[1]

{¶10} Under these circumstances, we are compelled to reverse the trial court's judgment. Because this matter involved a contested issue that was tried before a magistrate, the magistrate was required to issue a decision pursuant to Civ.R. 53(D)(3)(a)(i). *See State v. Hayes*, 9th Dist. Medina No. 3175-M, 2002 WL 242115, *2 (Feb. 20, 2002) ("[A] magistrate's failure to file a decision results in reversible error since a party is prejudiced by his inability to file objections to the decision[.]"); *In re Bortmas*, 11th Dist. Trumbull No. 98-T-0147, 1999 WL 959842, *3-4 (Oct. 15, 1999). As the magistrate in this case failed to issue a decision, and thereby denied Husband an opportunity to file objections pertaining to the magistrate's finding pertaining to the duration of Husband's spousal support obligation, we are compelled to reverse the judgment and remand so that the magistrate can issue a decision that contains the notice language pertaining to objections as mandated by Civ.R. 53(D)(3)(a)(iii).

{¶11} Husband's sole assignment of error is sustained.

III.

{¶12} Husband's sole assignment of error is sustained to the extent discussed above. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is reversed, and the cause remanded, for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

------

[1] Although the magistrate did not file a decision in this matter, Husband filed an objection to the divorce decree or, in the alternative, motion to set aside the divorce decree. The trial court never addressed the filing prior to the time that Husband filed his notice of appeal.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

KAREN THOMAS-BOEHNLEIN, Attorney at Law, for Appellant.

L. RAY JONES, Attorney at Law, for Appellee.