[Cite as *Bland v. Bldg. for the Future Mgt., L.L.C.*, 2024-Ohio-5391.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHANITA BLAND, ET AL.,         :

     Plaintiffs-Appellees,      :

                                     No. 113704

     v.                         :

BUILDING FOR THE FUTURE
MANAGEMENT, LLC, ET AL.,     :

     Defendants-Appellants.   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 14, 2024

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2022-CVH-001157

---

***Appearances:***

Ronald A. Annotico, *for appellees*.

Gary Cook, *for appellants*.

MARY J. BOYLE, J.:

{¶ 1} Defendants-appellants, Robert A. Caldwell, Francis Caldwell, and Building for the Future Management, LLC, Oasis Properties & Investment, LLC, ("appellants") appeal two judgments of the Cleveland Municipal Court, Housing Division, that (1) denied appellants' "objections" to the magistrate's order entering

default judgment against appellants and dismissing their counterclaim, and (2) adopted the magistrate's decision awarding treble damages in favor of plaintiffs-appellees, Shanita Bland, and her minor child, M.N. ("appellees"). For the reasons that follow, we reverse both judgments and remand to the trial court for further proceedings.

## I. Facts and Procedural History

{¶ 2} This case involves allegations of lead poisoning. In February 2022, appellees filed a complaint against appellants in the Cleveland Municipal Court, Housing Division, Case No. 22-CVH-001157. The complaint alleged negligence; negligence per se; violations of 42 U.S.C. 4852(d), 40 C.F.R. 745.107, and Cleveland Cod. Ord. 240.03 and 240.06; loss of consortium; breach of contract; and R.C. 5321.04. Appellees claimed that in 2017 and 2018, they resided as tenants at appellants' property located at 8211 Decker Avenue, Cleveland, Ohio. And that during their tenancy, M.N., a minor, was exposed to and ingested poisonous quantities of lead from paint at the property, which caused M.N. to be hospitalized and suffer "significant and permanent and irreversible physical, psychological, behavioral, educational, and/or developmental injuries." (Complaint at ¶ 4-5). The appellees also alleged that appellants failed to provide appellees with an EPA-approved lead hazard information pamphlet and/or provide a lead warning in the rental agreement pursuant to 40 C.F.R. 645.113.[1]

---

[1] We take judicial notice of *Bland, et al. v. Allen*, 2017-CVH-001970, filed in Cleveland Municipal Court, Housing Division, wherein the same causes of actions were filed for the same minor child alleging "permanent significant and permanent and

{¶ 3} On April 4, 2022, the appellants filed an answer, and their counterclaim for property damage was filed on April 27, 2022. On May 13, 2022, the appellees filed a reply to the counterclaim. The case was referred to the magistrate.

{¶ 4} Thereafter, the docket reveals numerous motions were filed by appellees in an effort to obtain discovery. The magistrate granted appellees' motions; however, appellants often responded in an untimely fashion. Appellants also failed to appear at both case-management conferences, after proper notice. Appellants did file a motion to dismiss, which was denied. According to appellees, appellants did not attend two scheduled depositions.

{¶ 5} On March 6, 2023, appellees filed a "motion to compel and/or motion in limine and/or motion for default judgment," requesting the magistrate order the appellants to appear for deposition and grant sanctions for violating discovery, including default judgment. On March 29, 2023, the magistrate granted the motion to compel ordering appellants to attend the deposition. In addition, the magistrate set a virtual hearing regarding discovery and sanctions for May 15, 2023. Notices were sent to all parties. Appellants failed to appear at this hearing.

{¶ 6} On May 23, 2023, the magistrate issued a "magistrate's order" granting the appellees' motion for sanctions, dismissing the appellants' counterclaim, and granting default judgment in favor of the appellees on the issue

irreversible physical, psychological, behavioral, educational, and/or developmental injuries" from residing in a home with lead paint during 2014 through 2016. The case was settled and dismissed in 2018.

of liability. A virtual hearing was scheduled to determine the amount of damages. On June 2, 2023, the appellants filed a "motion to object to magistrate's order." On June 21, 2023, appellees filed their reply. On July 3, 2023, the appellants filed a response to the appellees' reply. On July 6, 2023, the trial court denied and overruled the appellants' objections, stating:

> This matter is before the Court on Defendant's Motion to Object to Magistrate's Order issued on May 23, 2023. The Civil Rules do not contemplate objections to a Magistrate's Order, but rather a Magistrate's Decision. Civ.R. 53 (D)(3)(b). In that the May 23, 2023 Order is not a Magistrate's Decision, the Court shall construe Defendant's Objection as Defendant's Motion to Set Aside Magistrate's Order pursuant to Civ.R. 53(D)(2)(b). On June 21 and 26, 2023, Plaintiffs filed their Reply to Defendant's Motion.

> Upon an independent review of the record, including the Magistrate's Order journalized on May 23, 2023, which specifically identifies the dates and instances that Defendant untimely responded to discovery request, failed to comply with Court Orders regarding discovery and/or failed to appear at court hearings, the Court finds that the Magistrate's Order is proper. Upon review, the Court further finds that hearing notices in the within matter were properly served on the parties. Finally, the parties have been in active litigation in this case for over one year. Parties have a duty to follow the progress of their case and to keep themselves apprised of docket entries via checking the docket. *Maynard v. Maynard*, No. 43642, 1982 WL 2340 (Ohio Ct. App. Feb. 11, 1982); *In Re Adoption of J.H.* 2006-Ohio-5957.

> Therefore, Defendant's Motion to Set Aside Magistrate's Order is not well taken and is denied. The Magistrate's Order of May 23, 2023 remains in full force and effect.

(Judgment Entry, July 6, 2023.)

{¶ 7} In June and October 2023, appellees filed exhibits related to damages. The virtual hearing to determine damages was held on October 16, 2023. Appellants did not attend. On February 8, 2024, a magistrate's decision relative to

damages was issued, noting that "[o]n May 23, 2023, [appellants'] counterclaim was dismissed and default judgment was granted as to liability against the [appellants] as a sanction after failure to comply with discovery requests as ordered." (Magistrate's Decision, Feb. 8, 2024.) That same day, the trial court adopted the magistrate's decision stating:

> Upon review, the Magistrate's Decision is approved and confirmed.
>
> Default Judgment in favor of the Plaintiffs and against the Defendants, jointly and severally liable in the amount of $337,630.14, together with statutory interest from the date of judgment and costs.
>
> Defendants' counterclaim[s are] dismissed with prejudice.
>
> The case is closed.

(Judgment Entry, Feb. 8, 2024.)

{¶ 8} Appellants did not file objections to the magistrate's Feb. 8, 2024 decision. On March 6, 2024, the appellants filed a notice of appeal and motion to stay. The trial court granted the stay while this appeal is pending.

{¶ 9} Appellants raise the following assignments of error for review:

**Assignment of Error I:** The trial court erred to the prejudice of Appellants by granting default judgment via a Magistrate's Order as to liability as a sanction and without providing proper, constitutional notice of hearing and opportunity of the Appellants to be heard and defend the matter, particularly after the Appellants entered an appearance, filed responsive pleadings and claims, engaged in motion practice, and engaged in discovery in good faith.

**Assignment of Error II:** The trial court erred to the prejudice of the Appellants by granting default judgment as to damages, and specifically treble damages, based on the allegations set forth in the complaint and in violation of federal law.

**Assignment of Error III:** The trial court erred to the prejudice of Appellants by granting default judgment as to damages as a sanction and without providing proper, constitutional notice of hearing and opportunity of the Appellants to be heard and defend the matter, particularly after the Appellants entered an appearance, filed responsive pleadings and claims, engaged in motion practice, and engaged in discovery in good faith.

**Assignment of Error IV:** The trial court erred to the prejudice of the non-owner Appellants by entering judgment as to liability and as to damages against the non-owner Appellants.

## II. Law and Analysis

{¶ 10} In appellants' first assignment of error, they argue that the magistrate was without authority to grant default judgment against appellants and dismiss their counterclaim via a magistrate's order and the trial court erred by overruling appellants' objections to said order. Appellees argue that appellants waived all of their arguments because they did not raise them in the lower court by way of objection pursuant to Civ.R. 53(D)(2) and (3).

{¶ 11} According to Civ.R. 53(D)(2)(b), (D)(3)(b), and (D)(4)(d), a party may challenge a magistrate's order through a motion to set aside, and it may challenge a magistrate's decision through written objections; both types of challenges are reviewed by the trial court. *State ex rel. Goldschmidt v. Triggs*, 2024-Ohio-3225, ¶ 12. An appellants' failure to object to the magistrate's decision bars them from "assign[ing] as error on appeal the court's adoption of any factual finding or legal conclusion" of the magistrate and only allows an appellate court to review the decision for plain error. Civ.R. 53(D)(3)(b)(iv); *State ex rel. Neguse v. McIntosh*, 2020-Ohio-3533, ¶ 9.

{¶ 12} In this case, the magistrate held a hearing regarding appellees' motions to compel discovery and order sanctions including default; appellants did not attend the hearing. The magistrate granted default judgment against the appellants and also dismissed appellants' counterclaim by way of a magistrate's order. Appellants filed "objections," which were construed by the trial court as a motion to set aside order. The trial court denied appellants' motion and stated that "[t]he Magistrate's Order of May 23, 2023 remains in full force and effect." (Judgment Entry, July 6, 2023.) Thereafter, the magistrate held a hearing on damages; the appellants did not appear. The magistrate issued a decision in favor of appellees and against appellants. The trial court adopted the magistrate's decision that same day. Appellants did not object to the magistrate's decision. Because appellants failed to file objections to the magistrate's decision, we will review the case for plain error.

{¶ 13} The Ohio Supreme Court has instructed reviewing courts to "proceed with the utmost caution" when applying the plain-error doctrine in civil matters. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997); *State v. Morgan*, 2017-Ohio-7576, ¶ 40. The *Goldfuss* Court stated, "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at syllabus.

{¶ 14} This case involves the authority of a magistrate. Civ.R. 53(C)(1)(a), authorizes magistrates "[t]o assist courts of record" in several ways, including "[d]etermin[ing] any motion in any case." Magistrates have the power to issue orders, as well as decisions; however, there is a distinct difference between the two. Under Civ.R. 53(D)(2)(a)(i), a magistrate may issue a "magistrate's order" "without judicial approval if necessary to regulate the proceedings *and if not dispositive of a claim or defense of a party.*" (Emphasis added.) "To address a motion that is dispositive of a claim or defense, a magistrate issues a 'magistrate's decision,' which is not effective unless it is adopted by the court, Civ.R. 53(D)(4)(a)." *Triggs* at ¶ 12. Further, Civ.R. 53(D)(3)(a)(iii) requires that

> a magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 15} In the instant case, the magistrate entered an *order* that was dispositive of the appellees' claims and appellants' counterclaim. The magistrate, however, was without authority to dispose of the claims by way of magistrate's order. Rather, Civ.R. 53(D)(4)(a) requires that the magistrate issue a *decision* under Civ.R. 53(D)(3)(a)(i). The distinction is important because "'magistrate's orders are interlocutory by nature' and are not directly appealable." *Ijakoli v. Alungbe,* 2023

Ohio App. LEXIS 1284, *4-5 (1st Dist. Apr. 19, 2023), quoting *Walsh v. Walsh*, 2020-Ohio-6998, ¶ 6 (11th Dist.). Whereas "[a] magistrate's decision remains interlocutory until: 'the trial court reviews the magistrate's decision and (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all the claims for relief in the action or determines that there is no just reason for delay[,]'" at which time the magistrate's decision becomes a final appealable order. *Id.*, quoting *Alexander v. LJF Mgt.*, 2010-Ohio-2763, ¶ 12 (1st Dist.); Civ.R. 53(D)(4). Consequently, appellants could not appeal until the decision on damages was rendered.

{¶ 16} By disposing of appellees' claims and appellants' counterclaim through a magistrate's order, the magistrate exceeded her authority, because only judges may terminate claims or actions. *DeMarco v. Pace*, 2019-Ohio-3727, ¶ 63 (11th Dist.); citing *Ingledue v. Premier Siding & Roofing, Inc.*, 2006-Ohio-2698, ¶ 13 (5th Dist.). Although the appellants filed "objections" and the trial court entertained appellants' "objections," it did not magically convert the magistrate's order into a decision. Neither the magistrate nor the trial court complied with the dictates of Civ.R. 53.

{¶ 17} This court has long held that "[t]he failure to comply with Civil Rule 53 constitutes grounds upon which the appellate court may reverse the judgment of the trial court. As with any other procedural deficiency, upon a showing that the assigned error has merit and that it worked to the prejudice of the appellant, the judgment of the lower court will be set aside. Thus, all judgments of the trial court

are potentially voidable." *Eisenberg v. Peyton*, 56 Ohio App.2d 144, 151 (8th Dist. 1978); *see also Frase v. Frase*, 2024-Ohio-2481, ¶ 10 (9th Dist.); *DeMarco v. Pace*, 2019-Ohio-3727, ¶ 58 (11th Dist.); *Dixon v. O'Brien*, 2011-Ohio-3399, ¶ 34 (7th Dist.); *State v. Hayes*, 2002 Ohio App. LEXIS 620, *2 (9th Dist. Feb. 20, 2002) ("[A] magistrate's failure to file a decision results in reversible error since a party is prejudiced by his inability to file objections to the decision[.]"); *In re Bortmas*, 1999 Ohio App. LEXIS 4879, *6-7 (11th Dist. Oct. 15, 1999) ("[T]he failure to comply with Civ.R. 53 will permit an appellate court to reverse the judgment of the trial court in situations where there was a deviation from the rule and the deviation prejudiced the appellant.").

{¶ 18} Although we agree with the dissent that an interlocutory order may be modified or superseded by another order or decision, we respectfully disagree with the dissent's view that the magistrate's February 8, 2024 decision "recommended granting a default against appellants and dismissing appellants' counterclaims as a Civ.R. 37 sanction," thereby correcting any error by the magistrate or judge. The magistrate's February 8, 2024 decision specifically stated that "on May 23, 2023, Defendants' counterclaim was dismissed and default judgment was granted as to liability against the Defendants as a sanction after failure to comply with discovery requests as ordered." The May 23 date refers to the magistrate's order. Furthermore, the docket indicates that "[t]he Plaintiff's Motions for Sanctions are hereby granted. The Defendants' counterclaim is dismissed and the Plaintiff is granted default judgment, on the issue of liability only, against the

Defendants, jointly and severely. The trial is cancelled. Instead, a virtual hearing to determine the amount of damages will take place on . . . ." (*Bland v. Caldwell*, C.M. Case No. 2022-CVH-001157, Docket May 23, 2023.) Thereafter, the trial court denied appellants' "objections." The next docket entry sets forth the date for the damages hearing. The magistrate and the appellees clearly conducted the damages hearing based on the fact that default judgment on liability and dismissal of appellants' counterclaim had already been granted on May 23, 2023. In Ohio, it is well settled law that "'[a] court speaks through its docket and journal entries.'" *State v. Marriott*, 2021-Ohio-2845, ¶ 9 (8th Dist.), quoting *State v. Deal*, 2007-Ohio-5943, ¶ 54 (8th Dist.), citing *State v. Brooke*, 113 Ohio St.3d 199 (2007).

{¶ 19} Based on the foregoing, we find that the magistrate did in fact grant default judgment against appellants and dismiss appellants' counterclaim by way of the magistrate's order dated May 23, 2023. We further find that the magistrate did not have the authority to dispose of appellees' claims and appellants' counterclaims by way of a magistrate's order. Moreover, the trial court committed plain error when it denied appellants' "objections" to the magistrate's order. In addition, we find that appellants were prejudiced by the trial court's failure to comply with Civ.R. 53 because they had judgment entered against them and their counterclaim dismissed without proper recourse. Finally, the trial court committed plain error when it subsequently adopted the magistrate's decision awarding treble damages to appellees because it was premised on the erroneous magistrate's order.

{¶ 20} Accordingly, we sustain appellants' first assignment of error.

{¶ 21} In the remaining assignments of error, the appellants challenge the damages awarded. Our disposition on the first assignment of error, however, renders the remaining assignments of error moot, and we decline to address them. App.R. 12(A)(1)(c).

## III. Conclusion

{¶ 22} Because the magistrate exceeded her authority when she granted default judgment against the appellants and dismissed the appellants' counterclaim by way of a magistrate's order, it was error for the trial court to deny appellants' "objections." Further, the subsequent ruling by the trial court adopting the magistrate's decision regarding damages was plain error because it was premised on the erroneous magistrate's order.

{¶ 23} Accordingly, the judgments journalized July 6, 2023, and February 8, 2024, are reversed. The matter is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., CONCURS;
WILLIAM A. KLATT, J.,* DISSENTS

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

WILLIAM A. KLATT, J., DISSENTING:

{¶ 24} Because I would affirm the trial court's adoption of the magistrate's February 8, 2024 decision, I respectfully dissent.

{¶ 25} I agree with the majority opinion that the magistrate's May 23, 2023 order was, in fact, an order and not a decision.  The trial court also expressly recognized that the magistrate issued an order on May 23, 2023, not a decision.  That is why the trial court construed appellants' objection as a motion to set aside the order pursuant to Civ.R. 53(D)(2)(b).  The trial court clearly believed that the appellants' egregious conduct warranted Civ.R. 37 sanctions, and therefore, it denied appellants' motion to set aside the magistrate's order.  However, because the magistrate issued an order, and not a decision, the trial court did not adopt the order.  Rather, the trial court simply overruled appellants' motion to set aside the order and stated that the magistrate's order "remains in effect."  (Trial Court's July 6, 2023 Entry.)  The trial court recognized that it could only adopt a magistrate's decision — not a magistrate's order.  Essentially, the trial court simply agreed with

the magistrate that appellants' conduct warranted the contemplated Civ.R. 37 sanctions and that the damages hearing referenced in the magistrate's order should be upheld.

{¶ 26} I also agree with the majority opinion that the magistrate lacked the authority to dispose of a claim or defense of a party by issuing an order. Civ.R. 53(D)(2)(a)(i). "To address a motion that is dispositive of a claim or defense, a magistrate issues a 'magistrate decision,' which is not effective unless it is adopted by the court. Civ.R. 53(D)(4)(a)." *State ex rel. Goldschmidt v. Triggs*, 2024-Ohio-3225, at ¶ 12. Here, as previously noted, the trial court did not adopt the magistrate's order. Therefore, I agree with the majority opinion that the magistrate lacked the authority under the civil rules to dismiss the appellants' counterclaims and/or to enter a default judgment against appellants by issuing an order.

{¶ 27} However, the magistrate's May 23, 2023 order was interlocutory and could be modified or superseded by a subsequent magistrate's order or decision. It is well established that magistrate's orders are interlocutory by nature. *Walsh v. Walsh*, 2020-Ohio-6998, ¶ 6 (11th Dist.). An interlocutory order is provisional or temporary and is not final. An interlocutory order may be subsequently modified or superseded by another order or decision because it is not final. *Robinson v. BMV*, 2007-Ohio-1162, ¶ 5 (8th Dist.) (Magistrate decisions and orders are interlocutory and therefore subject to change and/or reconsideration.); *Becher v. Becher*, 2020-Ohio-669, ¶ 32 (8th Dist.) (A magistrate's decision is an interlocutory order that is tentative and subject to change or reconsideration.).

{¶ 28} In this case, following the hearing on damages, the magistrate issued a February 8, 2024 decision that recommended granting a default judgment against appellants and dismissing appellants' counterclaims as a Civ.R. 37 sanction. (Magistrate's February 8, 2024 decision at ¶ 14 and 15). In contrast to its July 6, 2023 entry, the trial court expressly approved and confirmed the magistrate's decision in its February 8, 2024 judgment entry. Therefore, the magistrate's prior order purporting to enter a default judgment against appellants and dismissing their counterclaims was superseded by the magistrate's February 8, 2024 decision, rendering the prior order a nullity. This is the decision that the trial court expressly approved and confirmed and the decision that is under review by this court. Although the magistrate lacked the authority to dismiss appellants' counterclaims and/or to enter a default judgment against appellants by a magistrate's order, it did have the authority to do so by a magistrate's decision, which became effective when the trial court approved and confirmed it. It is for this reason that I disagree with the majority opinion's reliance on the magistrate's May 23, 2023 order as the basis for its reversal.

{¶ 29} Lastly, because appellants failed to file objections to the magistrate's February 8, 2024 decision and failed to file a transcript of the damages hearing or an affidavit of evidence, we are limited to plain-error review of appellants' assignments of error. Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or

conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).").  In addition, this court has held that "the failure to file a transcript or affidavit under Civ.R 53(D)(3)(b)(iii) waives all factual challenges to the magistrate's decision on appeal."  *Rosett v. Holmes*, 2023-Ohio-606, ¶ 22 (8th Dist.).  Appellants have not argued that we should reverse based on plain error.  Nor do I see any basis for finding plain error.  Appellants repeatedly disregarded the magistrate's discovery orders and failed to attend multiple court proceedings, including the hearing on damages.

{¶ 30}  For these reasons, I would affirm the trial court's adoption of the magistrate's decision.  Therefore, I respectfully dissent.